# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**SAHELIAN DEONDRAE McBROOM**  **PLAINTIFF**
**ADC #650775**

v.   No: 3:22-cv-00318-PSH

**MARTY BOYD,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Sahelian Deondrae McBroom, an Arkansas Division of Correction inmate, filed a complaint pursuant to 42 U.S.C. § 1983 on December 15, 2022, asserting claims against defendants Sheriff Marty Boyd, Sergeant Stanfield, Corporal Norwood, Corporal Calderone, and Sergeant Foster (Doc. No. 1-1). The Court subsequently granted McBroom's application to proceed *in forma pauperis* and directed him to file an amended complaint clarify his claims (Doc. No. 6). In that order, the Court warned McBroom that an amended complaint would render his original complaint without legal effect and that only claims properly set out in his amended complaint would be allowed to proceed. *Id.* McBroom then filed an amended complaint naming Sheriff Boyd and Sergeant Foster as the only defendants (Doc. No. 7). The Court subsequently directed service on the defendants named in the complaints, and all defendants answered. *See* Doc. Nos. 8-9.

Defendants Stanfield, Norwood, and Calderone have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and a brief in support,[1] asserting that they should be dismissed as defendants because McBroom did not name them as defendants in his amended complaint (Doc. Nos. 31-32). Although notified of the opportunity to do so, McBroom did not file a response. *See* Doc. No. 33.

Defendants Stanfield, Norwood, and Calderone correctly point out that they are not named as defendants in McBroom's amended complaint. Their conduct is also not described in that complaint. It is well-established that subsequent complaints supersede prior complaints and render preceding complaints "without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). *See also Gold v. Edge*, No. 5:22-CV-05185-TLB-MEF, 2022 WL 16579797, at *1 (W.D. Ark. November 1, 2022) (unreported) ("[T]he Court will only consider the claims in the amended complaint; it will not reference or relate back to the original complaint to supplement, augment, or otherwise provide context to the amended complaint.").

---

[1] Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). If matters outside the pleadings are presented and not excluded by the Court, the motion should be treated as one for summary judgment pursuant to Rule 56. *See* Federal Rule of Civil Procedure 12(d).

And while *pro se* pleadings are to be construed liberally, "pro se litigants are not excused from compliance with relevant rules of procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (citing *Faretta v. California,* 422 U.S. 806, 834–35 n. 46 (1975)). "A pro se litigant should receive meaningful notice of what is required of him but the court is not required or permitted to act as counsel for any party." *Id.* In this case, the Court warned McBroom that his amended complaint would supersede his original complaint and only claims set forth in the amended complaint would be allowed to proceed. He did not name or describe Stanfield, Norwood, or Calderone in his amended complaint. Accordingly, Stanfield, Norwood, and Calderone's motion for judgment on the pleadings (Doc. No. 31) is granted, and McBroom's claims against these defendants are dismissed without prejudice.

    IT IS SO ORDERED this 25th day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE